UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLYN S. TIMBERLAKE,

    Plaintiff,                                              CASE NO.

v.

ROBERTSON, ANSCHUTZ               JURY TRIAL DEMANDED
& SCHNEID, P.L.

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, Carolyn S. Timberlake ("Plaintiff"), by and through the undersigned attorney, hereby files this Class Action Complaint against Robertson Anschutz & Schneid, P.L. ("Defendant"), and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this class action for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

2. Plaintiff defaulted on her mortgage of her former home located at 811 South Orleans Avenue, Tampa, FL 33606. Bank of New York Mellon brought a foreclosure action on October 16, 2007 against Plaintiff. The foreclosure action was subsequently dismissed for lack of prosecution. Thus, Bank of New York was not the prevailing party and not entitled to attorney's fees and cost.

3. Despite not prevailing, Defendant, on behalf of Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not Individually by as Trustee for Pretium Mortgage Acquisition Trust, who was not privy to the initial and above-referenced foreclosure action and had no relation to Bank of New York Mellon, began communicating with Plaintiff in an attempt to collect on accumulated attorney's fees and costs related to the first foreclosure action, to which Defendant was not entitled. By doing so, Defendant knowingly violated the FDCPA and FCCPA.

4. Plaintiff seeks damages, costs and attorney's fees from Defendant for the above violations.

## JURISDICTION AND VENUE

5. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

6. Federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from Defendant.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

8. Plaintiff, Carolyn S. Timberlake, is a natural person who is a citizen of Hillsborough County, Florida, where the causes of action arose, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

9. Defendant, Robertson Anschutz & Schneid, P.L., is a Florida limited liability company, is a citizen of Palm Beach County, Florida, is headquartered in Florida, and does business in the State of Florida. Moreover, Defendant is a debt collector under the FDCPA as the statute defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails… [and] who regularly collects or attempts to collect…debts owed or asserted to be owed or due to another." 15 U.S.C. § 1692a(6).

10. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Plaintiff.

11. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

12. The Defendant's communications, set forth below, were made to exhaust the Plaintiff's will in an attempt to have the Plaintiff pay a debt that Plaintiff did not owe.

## **CLASS ACTION ALLEGATIONS**

13. Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on his own behalf and on behalf of all other similarly-situated consumers. The FDCPA class is defined as:

> All consumers in the United States whose home was subject to a foreclosure action as a result of defaulting on a consumer debt, for which the foreclosing party was not the prevailing party, after which the Defendant sent a collection communication in substantially the same form as Exhibit A to this complaint, in which the Defendant listed an amount due for the non-prevailing party's attorney's fees and cost within one year of the filing of this complaint.

14. Plaintiff also represents and is a member of the FCCPA class which is defined as follows:

> All consumers in the State of Florida whose home was subject to a foreclosure action as a result of defaulting on a consumer debt, for which the foreclosing party was not the prevailing party, and after which the Defendant sent a collection communication in substantially the same form as Exhibit A to this complaint, in which the Defendant listed an amount due for the non-prevailing party's attorney's fees and cost within two years of the filing of this complaint.

### *Numerosity*

15. The classes are so numerous that joinder of all members is impracticable. Plaintiff estimates the FDCPA class to have approximately 25,000 members and FCCPA class to have approximately 10,000 members.

### *Commonality*

16. There are questions of law and fact that are common to the Class and predominate over questions affecting any individual Class member. All class members received collection communications from Defendant and were subject to the same policies and procedures. The common questions of law and fact include, without limitation, (1) whether Defendant violated the

4

FDCPA, 15 U.S.C. § 1692 *et seq*. by: (a) engaging in conduct that can reasonably be expected to harass, oppress or abuse a consumer; (b) using false, deceptive, or misleading representations in order to collect a debt; and (c) using unfair or unconscionable means to collect a debt; and (2) whether Defendant violated the FCCPA, Fla. Stat. § 559.72(7), and (9) by: (a) engaging in conduct that can reasonably be expected to abuse or harass a consumer; and (b) claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of another legal right when it knows that the right does not exist.

### *Typicality*

17. Plaintiff's claims are typical of the claims of the Class, which are based on the same operative facts and share the same legal theories. Plaintiff has no interest adverse or antagonistic to the interests of other Class members.

### *Adequacy of Class Representation*

18. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in prosecuting class action litigation.

### *Predominance of Common Questions*

19. The common questions described in Paragraph 16 predominate over any individual issues.

### *Superiority of Class Resolution*

20. A class action is superior to other methods to fairly and efficiently adjudicate this Complaint's claims.  Plaintiff does not anticipate any unusual difficulties in managing the class action because the claims are based on Defendant's standard pattern of conduct and the use of form collection communications.

21. A class action will permit many similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would create.

22. Class treatment will allow the Court to adjudicate relatively small claims by many Class members who could not otherwise afford to seek legal remedies for Defendant's conduct.

23. Without a class action, Defendant will continue to violate the Class members' rights and the Class members will continue to suffer the loss of their legal rights, as well as monetary damages.

24. Defendant's actions apply generally to the entire Class and, accordingly, Plaintiff seeks relief that is appropriate for the entire Class.

## FACTUAL ALLEGATIONS

25. Plaintiff defaulted on her mortgage, which was initially serviced and owned by the Bank of New York Mellon ("Bank of New York") for her former home, located at 811 South Orleans Avenue, Tampa, FL 33606.

26. Plaintiff purchased her former home to be her primary residence and is therefore a consumer debt as defined by 15 U.S.C. § 1692a(5).

27. Bank of New York brought a foreclosure action against Plaintiff as a result of non-payment of her mortgage. Case Number: 07-CA-0138873.

28. The above-referenced foreclosure action was dismissed in November 29, 2010 for lack of prosecution. Bank of New York did not move for fees and costs as Bank of New York was not the prevailing party.

29. Later, Defendant sent Plaintiff collection correspondence relating to the mortgage on Plaintiff's former home that included amounts due the attorneys' fees and costs from the initial, unsuccessful foreclosure action brought in 2007. A copy of multiple collection correspondences are attached hereto as **Exhibit A**.

30. Upon information and belief, Defendant had actual knowledge that Defendant was not entitled to recover for attorney's fees and costs resulting from a foreclosure action in which the party bringing the action did not prevail. Nonetheless, Defendant regularly attempts to collect these fees and cost even though the fees and cost were not owed.

31. By sending multiple collection correspondences to Plaintiff knowing that Defendant was not entitled to such fees and cost, Defendant violated the FDCPA and FCCPA.

## COUNT I

### VIOLATION OF THE FDCPA BY DEFENDANT

32. This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq*.

33. Plaintiff re-alleges and reincorporates paragraphs 1 through 31, as if fully set forth herein.

34. The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5). Moreover, the Alleged Debt is a consumer debt as the debt arose out of a transaction in which the a mortgage was obtained in order to purchase a home used primarily for personal, family, or household purposes.

35. Defendant uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6). Further, Defendant holds itself out as a "debt collector" as that term is defined in collection communications (**Exhibit A**). Moreover, Defendant attempted to collect a debt that was in default when Defendant acquired the debt.

36. Defendant, communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

37. Through the conduct described above, Defendant violated the following provisions of the FDCPA:

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

38. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

39. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

40. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT

41. This is an action against Defendant for violation of Fla. Stat. § 559.72(7).

42. Plaintiff realleges and incorporates paragraphs 1 through 31, as if fully set forth herein.

43. The Alleged Debt is a consumer debt as the obligation of Plaintiff to pay money arose out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily used for personal, family, or household purposes pursuant to Fla. Stat. § 559.55(6).

44. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

45. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

46. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

47. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

48. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

49. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

### VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

50. This is an action against Defendant for violation of Fla. Stat. § 559.72(9).

51. Plaintiff realleges and incorporates paragraphs 1 through 31, as if fully set forth herein.

52. The Alleged Debt is a consumer debt as the obligation of Plaintiff to pay money arose out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily used for personal, family, or household purposes pursuant to Fla. Stat. § 559.55(6).

53. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

54. Fla. Stat. § 559.72(9) provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

55. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

56. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

57. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

58. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: December 27, 2019              Respectfully Submitted,

**SHRADER LAW, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:     (813) 336-0832


/s/ Brian L. Shrader
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@shraderlawfirm.com
*Attorney for Plaintiff*