UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLYN S. TIMBERLAKE,

    Plaintiff,

v.                                                                      Case No. 8:19-cv-3167-T-60SPF

ROBERTSON, ANSCHUTZ &
SCHNEID, P.L.,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT**

This matter is before the Court on "Defendant Robertson, Anschutz & Schneid, P.L.'s Motion to Dismiss Plaintiff Carolyn S. Timberlake's Amended Complaint," filed by counsel on February 20, 2020. (Doc. 18). On March 12, 2020, Plaintiff Carolyn S. Timberlake filed a "Memorandum of Law in Opposition to Motion to Dismiss Amended Complaint and Request for Hearing." (Doc. 23). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

Timberlake owned a home in Tampa, Florida, that was the subject of a judicial mortgage foreclosure action filed in the state courts in 2007 ("the first

---

[1] The Court accepts as true the facts alleged in the amended complaint for purposes of ruling on the pending motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

foreclosure"). The first foreclosure was voluntarily dismissed by the plaintiff in 2010, and Timberlake was awarded attorney fees and costs. The plaintiff in the first foreclosure were not awarded attorney fees and costs.

On January 11, 2019, a second foreclosure action was filed against Timberlake in the state courts ("the second foreclosure"). Beginning on February 20, 2019, *after* the date the second foreclosure was filed, and again on July 1, 2019, and July 2, 2019, Defendant Robertson, Anschutz & Schneid, P.L. ("RAS") sent certain communications, addressed jointly to Timberlake and her lawyers. Those communications, the contents of which are not disputed, gave rise to this action. According to Timberlake, those communications included an attempt to collect an amount for attorney's fees and costs allegedly owed from the first foreclosure (approximately $11,294.75). Timberlake argues that the amount sought by RAS in those communications was not a debt she validly owed. RAS argues the opposite – that the amount referenced in the communications was valid.

Timberlake's amended complaint against RAS includes two counts. Count One alleges a violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"). Count Two alleges a violation of Florida's Consumer Collection Practices Act, § 559.55 *et. seq.* ("FCCPA). Timberlake alleges that RAS's actions referenced above violated both the FDCPA and the FCCPA.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."

Fed. R. Civ. P. 8(a).  "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

In support of its motion, RAS argues six different grounds for dismissal. Many of these arguments are premature and have been made, unsuccessfully, in other similar cases in the Middle District of Florida.

### *Legitimacy of the Debt*

RAS argues that "Timberlake never adequately explains why the challenged amounts violate the FDCPA or FCCPA." *See* (Doc. 18 at 6).  This argument is not well-taken.  The explanation in the amended complaint is clear – Timberlake

alleges that RAS attempted to collect a debt that she did not validly owe. There is no mystery about it. She clearly alleges that since *she* was the party that was awarded attorney fees and costs in the first foreclosure, it was not valid in the second foreclosure to demand that she pay the plaintiff's attorney fees and costs associated with the first foreclosure.

RAS argues that the debt at issue here was legitimately owed based on certain provisions in the mortgage. That argument is supported by case law, including the recent case of *U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust v. Leigh*, No. 5D17-2967, 2019 WL 6621266 (Fla. 5th DCA Dec. 6, 2019). Whether the debt at issue here was legitimately owed is likely to be the dispositive issue in this case, but it is premature to make that determination on a motion to dismiss. The parties have made arguments on both sides of the issue and cited case law supporting their respective positions. However, the cited case law makes it clear that the legitimacy of the debt depends on the facts associated with the parties' transaction. *See id*. at *1. Those facts are not yet sufficiently developed to allow the Court to decide the issue as a matter of law at this stage of the proceedings. This argument, which might be successful once the facts are established, does not serve as a basis to dismiss the amended complaint.

### *Insufficient Allegations of Abuse or Harassment*

RAS argues that Timberlake fails to state a claim for violation of either the FDCPA or the FCCPA because she does not allege facts that constitute abusive or oppressive behavior. RAS maintains that attempting to collect a debt that is validly

owed – in response to a request by a borrower for a pay-off amount – cannot be abusive and harassing.  Timberlake responds by arguing that attempting to collect a debt that is not owed is, by definition, abusive and harassing.  Neither side has identified case law supporting its position.  At this point in the proceedings, it is not clear what practical difference this issue makes one way or the other.[2]  In any event, Timberlake has sufficiently alleged a violation of the FDCPA and FCCPA.

### *Litigation Privilege*

RAS argues that Timberlake's FCCPA claim should be dismissed with prejudice based on Florida's litigation privilege.[3]  While a mortgage foreclosure action may have been pending when the communications at issue here occurred, Florida's litigation privilege does not automatically immunize a party from liability for violation of the FCCPA.  Courts in this jurisdiction have pointed out that "not every event bearing any relation to litigation is protected by the privilege."  *See North Star Cap. Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1330 (M.D. Fla. 2009).  RAS's argument on this point is premature for the reasons explained by Judge Steele in *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1241-42 (M.D. Fla. 2019), and Judge Honeywell in *Godoy v. Robertson, Anschutz & Schneid, P.L.*,

---

[2] Under controlling law, the act of attempting to collect a debt that is not validly owed, while also doing so in an abusive or oppressive manner, does not constitute two separate compensable events. Statutory damages in FDCPA cases are limited to $1,000 per action, not per violation. *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) ("Because Congress instead chose to write that additional damages would be limited to $1,000 per 'action,' we agree with the district court that 'the plain language of section 1692k(a)(2)(A) provides for maximum statutory damages of $1,000.'").

[3] This argument is brought only with respect to the FCCPA claim because Florida's litigation privilege does not apply to the FDCPA claims. *Yeh Ho v. Wells Fargo Bank, N.A.*, 739 F. App'x 525, 530 (11th Cir. 2018) ("[T]here is no published opinion of this court, in which Florida's litigation privilege was held to bar a federal claim.")

No. 8:19-cv-435-T-36AAS, 2019 WL 5722053, at *5 (M.D. Fla. Nov. 5, 2019).  At this point in the proceedings, it is impossible to determine what application, if any, the litigation privilege should have in this case because the facts are not yet fully developed.  This argument, which might be successful once the facts are established, does not serve as a basis to dismiss the amended complaint.

### *Insufficient Allegations the Defendant is a "Debt Collector"*

According to RAS, Timberlake fails to state a claim for violation of the FDCPA because she has not sufficiently alleged that RAS is a "debt collector" as that term is defined in the statute.  RAS maintains that Timberlake's allegations on this point are insufficient because they consist only of "assumptions and legal conclusions," and it supports this argument with various cases, including two very recent decisions from the Eleventh Circuit:  *Anderman v. JP Morgan Chase Bank Nat'l Ass'n*, No. 19-13734, 2020 WL 639209 (11th Cir. Feb. 11, 2020), and *Thomas v. US Bank Nat'l Ass'n*, 675 F. App'x 892 (11th Cir. 2017).  In *Anderman*, the Eleventh Circuit affirmed the dismissal of a FDCPA complaint noting that "[w]hen compared with the FDCPA's definition of 'debt collector,' it appears that the plaintiffs simply restated the definition in their complaint, without alleging any factual support." *See Anderman,* 2020 WL 639209, at *2.  The Court in *Thomas* reached a similar conclusion when evaluating the "debt collector" allegations in the plaintiff's complaint.  *See Thomas*, 675 F. App'x at 898.

Timberlake's amended complaint includes *slightly* more factual support than did the complaints that were dismissed in *Anderman* and *Thomas*.  Furthermore, at

least one of the communications at issue here, which was attached to the amended complaint as "Composite Exhibit A," states "[b]ecause *we may be considered debt collectors*, you should proceed on the assumption and with the understanding that this firm is attempting to collect a debt and that any information obtained will be used of that purpose."[4]  While Timberlake's allegations on this point could certainly include greater detail, they are more extensive than the facts pled in *Anderman* and *Thomas,* and certainly good enough to put RAS on notice of the claims against it. Timberlake has provided sufficient factual support under Rule 8 and *Twombly* for its claim that RAS was a "debt collector."

### *Foreclosure Activities Not Covered by Applicable Statutes*

RAS relies on a recent case from the United States Supreme Court, *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), to argue broadly that the actions described in the amended complaint are not covered by the FDCPA.  RAS also argues broadly that "foreclosure is not debt collection activity in the Eleventh Circuit" and cites various cases in support of this claim.  *See* (Doc. 18 at 19).

The arguments asserted by RAS on this point are too broad and premature for the reasons explained by Judge Honeywell in *Godoy v. Robertson, Anschutz & Schneid, P.L.*, No. 8:19-cv-435-T-36AAS, 2019 WL 5722053, at *3 (M.D. Fla. 2019). Eleventh Circuit case law makes it abundantly clear that the pendency of mortgage foreclosure proceedings do not broadly preclude all potential FDCPA claims.  *See*

---

[4] Documents attached to a complaint as exhibits are treated as part of the complaint for purposes of the rule governing motions to dismiss for failure to state a claim.  *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012).

*Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1299 (11th Cir. 2015) (explaining that "litigating activities of debt-collecting attorneys are subject to the FDCPA, except to the limited extent formal pleadings are exempt"); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012) ("The fact that the letter and documents relate to the enforcement of a security interest does not prevent them from also relating to the collection of a debt within the meaning of [FDCPA].").

*Obduskey* has not changed the status of Eleventh Circuit law on this point. In *Obduskey,* the United States Supreme Court cautioned that*,* "we need not consider what *other* conduct (related to, but not required for, enforcement of a security interest) might transform a security-interest enforcer into a debt collector subject to the main coverage of the Act." 139 S. Ct. at 1040 (emphasis in original). This argument, which might be successful once the facts are established, does not serve as a basis to dismiss the amended complaint at this time.

***Communications in Connection with the Collection of Any Debt***

In its final point, RAS argues that Timberlake fails to state a claim for violation of the FDCPA because the communications it sent to her and her attorney – in response to her request for a pay-off amount – were not made "in connection with the collection of any debt" as provided in 15 U.S.C. § 1692c. RAS argues that their communications merely stated an amount owed and did not demand payment or threaten legal action or consequences for failure to pay. RAS cites several cases where this argument has been litigated. In support of her position Timberlake cites

*Carlin v. Davidson Fink LLP,* 852 F.3d 207 (2d Cir. 2017), which she claims involved "an almost identical issue to the instant case."

Courts have recognized that not all communications sent by creditors to debtors are "in connection with the collection of any debt" for purposes of the FDCPA. *Roth v. Nationstar Mortgage, LLC*, No. 2:15-cv-783-FtM-29MRM, 2016 WL 3570991, at *2 (M.D. Fla. 2016). The Eleventh Circuit has held that "if a communication conveys information about a debt and its aim is at least in part to induce the debtor to pay, it falls within the scope of the Act." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014). Courts in this jurisdiction have held that a communication comes within the purview of the FDCPA where it is made with "an animating purpose of...induc[ing] payment by the debtor." *Dyer v. Select Portfolio Servicing, Inc.*, 108 F. Supp. 3d 1278, 1281 (M.D. Fla. 2015) (quoting *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011)).

Determination of whether the communications at issue here were made "in connection with the collection of any debt" for purposes of the FDCPA requires consideration of the entire factual context of the parties' interactions. This argument, which might be successful once the facts are established, does not serve as a basis to dismiss the amended complaint at this stage of the proceedings.

## Conclusion

It seems likely that most, if not all, of the material facts in this case will be undisputed. Once the facts are established, which should not be difficult or time-consuming, many of the arguments asserted will become ripe for resolution as

questions of law.  This order does not preclude RAS from raising the arguments that have been denied here in a subsequent summary judgment motion if appropriate. To facilitate an efficient resolution of this matter, the Court is considering placing it on a "fast track" for the purpose of quickly identifying undisputed facts and implementing expedited discovery and summary judgment procedures.  The parties will be contacted shortly to schedule a Rule 16 Status Conference for that purpose.

For the reasons explained above, it is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Robertson, Anschutz & Schneid, P.L.'s Motion to Dismiss Plaintiff Carolyn S. Timberlake's Amended Complaint" (Doc. 18) is hereby **DENIED**.

2. Defendant is directed to file an answer on or before May 19, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>28th</u> day of April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**